NO. 07-02-0356-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

FEBRUARY 26, 2003
_____

ESAU RODRIGUEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR99K-099; HON. DAVID WESLEY GULLEY, PRESIDING
_____

***ABATEMENT AND REMAND***

_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

Esau Rodriguez (appellant) appeals his conviction for attempted sexual assault. The clerk's record was filed on January 7, 2003. The reporter's record and supplemental reporter's records were filed on January 7, 2003. Thus, appellant's brief was due on February 6, 2003. However, one was not filed on that date. By letter dated February 13, 2003, we notified appellant's counsel of the expired deadline and directed him to respond

to our notification of same by Monday, February 24, 2003, or the appeal would be abated to the trial court pursuant to TEX. R. APP. P. 38.8. Instead of filing his brief, appellant moved for an extension of the briefing deadline. However, the extension sought was to February 21, 2003. That date has lapsed, and appellant still has yet to file a brief.

Consequently, we abate this appeal and remand the cause to the 222nd District Court of Deaf Smith County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.      whether appellant desires to prosecute the appeal;

2.      whether appellant is indigent; and,

3.      whether appellant has been denied the effective assistance of counsel due to counsel's failure to timely file a brief. *See Evitts v. Lucey*, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35, 83 L. Ed.2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief).

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court find that appellant desires to pursue this appeal, is indigent, and was denied effective assistance of counsel, then we further direct the court to appoint new counsel to assist in the prosecution of the appeal. The name, address, phone number, telefax number, and state bar number of the new counsel who will represent appellant on appeal must also be included in the court's findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions

2

of law and 2) a reporter's record transcribing the evidence and argument presented at the aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before March 24, 2003. Should additional time be needed to perform these tasks, the trial court may request same on or before March 24, 2003.

It is so ordered.

Per Curiam

Do not publish.